IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANK LLP<br>275 Madison Ave., Suite 705<br>New York, N.Y. 10016,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CONSUMER FINANCIAL<br>PROTECTION BUREAU<br>1700 G St., N.W.<br>Washington, D.C. 20552,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. _____ |

**COMPLAINT**

Plaintiff Frank LLP brings this action against Defendant Consumer Financial Protection Bureau ("CFPB") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Frank LLP is a law firm that is registered as a limited liability partnership under the laws of the State of New York and whose address is 275 Madison Avenue, Suite 705,

New York, N.Y. 10016. Plaintiff's law practice focuses on the representation of consumers who have been economically harmed by large corporations' unlawful actions.

4.  Defendant CFPB is an agency of the United States Government, and is thus an "agency" for the purposes of 5 U.S.C. § 552(f)(1). The CFPB is headquartered at 1700 G Street, N.W., Washington, D.C. 20552. The CFPB has possession, custody, and control of records to which Plaintiff seeks access.

## BACKGROUND

5.  Plaintiff serves as plaintiffs' counsel in an ongoing civil action brought on behalf of a proposed class of New York State consumers against, among others, Midland Funding, LLC and Midland Credit Management, Inc. (collectively, "Midland Entities"), for wrongful debt-collection practices. *Agoado et al. v. Midland Funding, LLC et al.*, No. 2:14-cv-00018 (E.D.N.Y.).[1] The Midland Entities are operating subsidiaries of Encore Capital Group, Inc. ("Encore"), which is one of the nation's largest debt buyers.

6.  Among the allegations in *Agoado* is that the defendants in that action—the Midland Entities, along with the outside law firms that represented them in debt-collection lawsuits against New York residents—submitted affidavits falsely representing the validity of debts and their possession of evidence thereof. These affidavits, among other misrepresentations, misquoted the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by stating that alleged debts were valid because the consumers had failed to dispute that they were valid after receiving a debt-collection notice from the Midland Entities. In fact, the misquoted section of the FDCPA—Section 809, 15 U.S.C. § 1692g—actually states that a

---

[1] Until March 1, 2016, the caption was *Italiano et al. v. Midland Funding, LLC et al*.

consumer's failure to dispute in response to the debt collector's notice will cause the alleged debt to be "assumed to be valid <u>by the debt collector</u>" only (emphasis added).

7. This section of the FDCPA also clearly states that a consumer's failure to dispute "may not be construed by any court as an admission of liability by the consumer." 15 U.S.C. § 1692g(c).[2]

8. On September 9, 2015, the CFPB entered a consent order in which the CFPB set forth its investigative findings concerning the Midland Entities' FDCPA violations through their debt-collection activities from at least July 2011 onward. *See* Consent Order, *In re Encore Capital Grp., Inc. et al.*, Admin. Proc. No. 2015-CFPB-0022 (Sept. 3, 2015).[3] The CFPB found that Encore subsidiaries had forced consumers to pay out on alleged debts by prosecuting state-court lawsuits against them, despite lacking account-level documentation as to their alleged indebtedness. *See* Consent Order ¶ 145. The CFPB also determined that the Encore subsidiaries had secured judgments against consumers through the use of deceptive affidavits that misquoted the "assumed valid" language of Section 809 of the FDCPA. *See id.* ¶¶ 54–57, 109, 145.

9. The CFPB identified roughly 35,600 instances in which consumers had paid out on an alleged debt after such a misleading affidavit had been submitted in court, with roughly 6,300 of those instances occurring in cases in which Encore and its subsidiaries did not possess account-level documents evidencing consumers' indebtedness. *See id.* ¶ 145.

10. Since the Consent Order was issued, the litigation in *Agoado* has reached a critical point. In the very near future, the Midland Entities and their co-defendants are expected to file

---

[2] *See also* Second Am. Class Action Compl. ¶¶ 8, 50–52, No. 2:14-cv-00018 (E.D.N.Y. Aug. 19, 2014), ECF No. 45, annexed hereto as Exhibit A.

[3] The Consent Order is annexed hereto as Exhibit B.

motions for summary judgment as to the named plaintiffs' individual claims, while the plaintiffs are expected to file a motion for class certification.

11. Records in the CFPB's possession that pertain to the CFPB's findings against Encore and its subsidiaries constitute evidence that would greatly increase the *Agoado* plaintiffs' chances of success in defending against the opposing parties' anticipated motions for summary judgment, and in obtaining class certification as to their own claims.

## OVERVIEW OF THIS FOIA ACTION

12. Plaintiff filed a FOIA request with the CFPB seeking access to records in the CFPB's possession that pertain to findings in the Consent Order which mirror allegations made by Plaintiff's clients in *Agoado*.

13. The CFPB has repeatedly refused to provide Plaintiff with access to any of the records responsive to Plaintiff's FOIA request (or to any portions thereof). The CFPB has failed to state any valid basis in fact or law for its decision to withhold these records, and has ignored its obligation to conduct a segregability review of these records.

14. Plaintiff has exhausted all nonjudicial options for resolving its FOIA dispute with the CFPB—including administrative appeal, and request for mediation through the Office of Government Information Services ("OGIS"), in which the CFPB declined to participate. Having duly pursued all alternatives, Plaintiff now files this complaint.

## STATEMENT OF FACTS

15. On September 11, 2015—two days after the CFPB made public the Consent Order—Plaintiff submitted a FOIA request to the CFPB seeking "copies of the documents in [the CFPB's] possession that [it] relied upon in identifying the[] approximately 35,600 lawsuits" in

4

which consumers had paid out on alleged debts after Encore subsidiaries submitted affidavits that misquoted the "assumed valid" language of Section 809 of the FDCPA.[4]

16.    The CFPB denied Plaintiff's FOIA request, stating that "any documents responsive to [Plaintiff's] request would be withheld pursuant to Title 5 U.S.C. § 552(b)(4) ['Exemption 4'].".[5]

17.    This letter paraphrased the statutory language comprising Exemption 4, and provided a generalized overview of how courts tend to interpret it, but did not provide the required detailed justification identifying why Exemption 4 is relevant and correlating those reasons with the particular parts of the withheld documents to which they apply.

18.    Plaintiff appealed the CFPB's denial of its FOIA request. Plaintiff's letter of appeal explained that the nature of the requested information meant that it could not possibly be "commercial" or "confidential" for purposes of Exemption 4.[6]

19.    The records responsive to Plaintiff's FOIA request fall into one of two categories: (1) affidavits that Encore subsidiaries had made a matter of public record by submitting them to state courts in connection with debt-collection lawsuits, and (2) account-level documentation that Encore subsidiaries would have had to have been prepared to submit in court in connection with these lawsuits.

20.    Accordingly, the CFPB lacked any basis for withholding these records pursuant to Exemption 4.

---

[4]  Plaintiff's FOIA request letter is annexed hereto as Exhibit C.

[5]  The CFPB's request-denial letter, dated September 30, 2015, is attached hereto as Exhibit D.

[6]  Plaintiff's letter of appeal, dated October 30, 2015, is annexed hereto as Exhibit E.

21. Plaintiff's October 30 letter of appeal also called attention to the fact that, even assuming that Exemption 4 applied to certain of the records responsive to Plaintiff's request (or to portions thereof), the CFPB had neglected its obligation under 5 U.S.C. § 552(b) to identify and segregate the exemptible information, and produce the information to which Exemption 4 does not apply.

22. In a letter dated December 1, 2015 and signed by CFPB Assistant General Counsel John R. Coleman, the CFPB denied Plaintiff's appeal of the denial of its FOIA request.[7] Mr. Coleman's letter abandoned the CFPB's reliance on Exemption 4, instead choosing to withhold all responsive documents pursuant to 5 U.S.C. § 552(b)(7) ("Exemption 7").

23. Mr. Coleman identified 5 U.S.C. § 552(b)(7)(E) ("Exemption 7(E)") as the sub-exemption of Exemption 7 that was "[m]ost relevant[]" to the CFPB's appellate determination. He went on to explain that Exemption 7(E) applies to the responsive records because disclosing them "would necessarily reveal the Bureau's techniques or procedures for investigating violations like" those committed by Encore and its subsidiaries, and thus could "reasonably be expected to risk circumvention of the law."

24. Plaintiff then requested that the CFPB re-open the appeal so that Plaintiff could address the applicability of Exemption 7(E) to the information at issue.[8]

25. Plaintiff's December 17 letter requesting re-opening explained in detail why neither Exemption 7(E) nor any other sub-exemption of Exemption 7 applies to the records responsive to Plaintiff's FOIA request.

---

[7] The CFPB's appeal-denial letter is attached hereto as Exhibit F.

[8] Plaintiff's December 17, 2015 letter requesting re-opening is attached hereto as Exhibit G.

26. Exemption 7(E) pertains to investigative techniques and procedures generally unknown to the public.

27. Exemption 7(E) thus does not apply to the records at issue, because the CFPB could have <u>only</u> reached its conclusions as to Encore's subsidiaries' misuse of affidavits in one or both of two ways: (1) reviewing affidavits submitted in state-court debt-collection lawsuits for misquotations of the "assumed valid" language of Section 809 of the FDCPA, and (2) analyzing whatever account-level documentation—<u>if any</u>[9]—that might have been in the Encore subsidiaries' possession at the time that such misleading affidavits were filed.

28. Tellingly, Mr. Coleman's December 1 appellate determination letter did not suggest that the CFPB utilized any novel or unpredictable techniques or procedures in investigating Encore subsidiaries' use of deceptive affidavits.

29. Plaintiff's December 17 letter also noted that the CFPB had neglected its duty under 5 U.S.C. § 552(b) to identify the responsive records (or portions thereof) to which no sub-exemption of Exemption 7 theoretically could apply, and disclose them to Plaintiff.

30. The CFPB has not responded to Plaintiff's December 17 letter.

31. On January 12, 2016, Plaintiff contacted OGIS requesting assistance in reaching a non-litigation resolution to Plaintiff's FOIA dispute with the CFPB.

32. In a letter dated February 10, 2016, OGIS Deputy Director Nikki Gramian informed Plaintiff that OGIS had contacted the CFPB's Acting FOIA Manager about mediating the instant FOIA dispute, but that the CFPB declined to participate in mediation through OGIS.[10]

---

[9] In many instances, the CFPB found, Encore subsidiaries <u>did not</u> possess documentation evidencing the consumer's alleged indebtedness at the time that a misleading affidavit was filed in furtherance of a state-court debt-collection action. *See* Consent Order ¶ 145.

[10] OGIS's letter to Plaintiff is attached hereto as Exhibit H.

33. Plaintiff has exhausted all available administrative remedies with regard to the instant FOIA dispute.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

34. Plaintiff repeats, realleges, and reincorporates all paragraphs above as though fully set forth herein.

35. The CFPB, an agency subject to FOIA pursuant to 5 U.S.C. § 552(f)(1), is unlawfully withholding records requested by Plaintiff pursuant to FOIA.

36. The CFPB has asserted no lawful or factual basis for withholding the records responsive to Plaintiff's request.

37. Even assuming that certain records responsive to Plaintiff's request (or portions thereof) are subject to the exemptions cited by the CFPB in denying Plaintiff's FOIA request, the CFPB has neglected its obligation under 5 U.S.C. § 552(b) to segregate the exemptible information and produce the non-exempt information.

38. Plaintiff has exhausted all administrative remedies with regard to the CFPB's unlawful withholding of the records responsive to Plaintiff's FOIA request.

39. Plaintiff is being irreparably harmed by reason of the CFPB's unlawful withholding of the records responsive to Plaintiff's FOIA request, and will continue to be irreparably harmed unless the CFPB is compelled to comply with its obligations under FOIA. Specifically, lack of access to these records hinders Plaintiff's ability to represent the *Agoado* plaintiffs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Expedite this proceeding as provided for in 28 U.S.C. § 1657;

  b. Declare that the records responsive to Plaintiff's FOIA request must be disclosed by the CFPB pursuant to 5 U.S.C. § 552, or, in the alternative, conduct an in camera segregability review of these records and order disclosed any non-exempt records (or portions of records);

  c. Enjoin the CFPB from continuing to withhold any and all non-exempt records (or portions of records) responsive to Plaintiff's FOIA request;

  d. Order the CFPB to produce a "*Vaughn* index"[11] of any and all records responsive to Plaintiff's FOIA request that have been withheld by the CFPB under a claim of exemption;

  e. Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

  f. Grant Plaintiff such other and further relief as this Court might deem just and proper.

Dated: April 8, 2016               Respectfully submitted,

                      /s/  *Gregory A. Frank*
                      Gregory A. Frank
                      (D.C. Bar No. NY0216)
                      Frank LLP
                      275 Madison Avenue
                      Suite 705
                      New York, NY  10016
                      (212) 682.1853
                      gfrank@frankllp.com

                      *Counsel for Plaintiff*

---

[11] *See Vaughn v. Rosen*, 484 F.2d 820, 827–28 (D.C. Cir. 1973).