UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK LLP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-670  CRC |
| | ) |
| CONSUMER FINANCIAL | ) |
| PROTECTION BUREAU, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant Consumer Financial Protection Bureau ("Defendant" or "Bureau"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint ("Complaint") (ECF 1).

### First Defense

Defendant has complied with its disclosure obligations under the Freedom of Information Act ("FOIA"), as amended, 5 U.S.C. § 552, in responding to Plaintiff's request for documents relating to a consent order that the Bureau entered against Encore Capital Group and related entities, *In re Encore Capital Group, Inc., et al.*, Admin. Proc. File No. 2015-CFPB-0022 (Sept. 9, 2015), and has not improperly withheld any non-exempt, responsive records, or segregable portions thereof.  Defendant further avers that, to the extent the Bureau has records responsive to Plaintiff's request, those records are exempt from release under FOIA exemptions.

### Second Defense

The complaint is limited to Plaintiff's request for the following records, to the extent the records exist, identified in Plaintiff's December 2, 2015, letter appealing Defendant's denial of Plaintiff's FOIA request: (1) documents in the Bureau's possession "'that [the Bureau] relied upon in identifying the approximately 35,600 lawsuits' in which consumers had paid out on

alleged debts after Encore subsidiaries submitted affidavits that misquoted the 'assumed valid' language of Section 809 of the FDCPA." *See* Compl. ¶ 15. Defendant avers that Plaintiff has failed to exhaust its administrative remedies as to any other information.

### Third Defense

In response to the specific paragraphs set forth in the Complaint Defendant admits, denies and otherwise avers as follows:[1]

The first, unnumbered paragraph of the Complaint contains Plaintiff's legal and factual characterization of this action, to which no response is required. To the extent a response is deemed to be required, Defendant admits that Plaintiff's action is brought to compel compliance with FOIA. Defendant denies that it has not already complied with FOIA.

### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint sets forth a legal conclusion and allegation of subject matter jurisdiction, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that this Court has jurisdiction to enjoin documents unlawfully withheld under the FOIA, but denies that it has unlawfully withheld documents from Plaintiff.

2. Paragraph 2 sets forth a legal conclusion and allegation regarding venue, to which no response is required. Defendant does not contest venue in this District.

---

[1] To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in its responses to particular allegations; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

**PARTIES**

3.  Paragraph 3 alleges facts regarding Plaintiff, its form and state of registration, its address, and the focus of its law practice. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations; accordingly the allegations are denied.

4.  Defendant admits the allegation in Paragraph 4 that it is an agency of the United States government that is generally subject to the requirements of FOIA. Defendant admits that its headquarters address is 1700 G Street, NW, Washington, DC 20552. Defendant denies that it has possession, custody, and control of records to which Plaintiff seeks access.

**BACKGROUND**

5.  Paragraph 5 (including the footnote) alleges facts regarding Plaintiff's role as plaintiffs' counsel in an ongoing proposed class action, about which Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations; accordingly the allegations are denied. Defendant admits that Midland Funding, LLC and Midland Credit Management, Inc., are operating subsidiaries of Encore Capital Group, Inc., which is one of the nation's largest debt buyers.

6.  Paragraph 6 alleges facts regarding the allegations in the proposed class action in which Plaintiff serves as plaintiffs' counsel. Defendant avers that the operative complaint in that case, *Agoado et al. v. Midland Funding, LLC et al.*, No. 2:14-cf-00018 (E.D.N.Y.), is itself the best evidence of its content and respectfully refers the Court to that complaint for a full, fair and accurate statement of its content. Defendant denies the allegations in Paragraph 6 to the extent that the allegations differ from the content of the *Agoado* complaint.

7.  Paragraph 7 paraphrases a provision of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(c). Defendant avers that the statutory provision is itself the best evidence of its

content and respectfully refers the Court to that provision for a full, fair and accurate statement of its content. Footnote 2 to Paragraph 7 alleges that the Second Amended Class Action Complaint in *Agoado* is attached as Exhibit A. Defendant lacks knowledge or information sufficient to form a belief as to whether this Exhibit is what it purports to be.

8. Defendant admits the allegation in Paragraph 8 that the Bureau entered a consent order on September 9, 2015, against entities including Midland Funding, LLC, and Midland Credit Management, Inc. The remainder of Paragraph 8 alleges facts regarding the content of that consent order. Defendant avers that the consent order is itself the best evidence of its content and respectfully refers the Court to that consent order for a complete and accurate statement of its content. Defendant denies the allegations in Paragraph 8 to the extent that they differ from the content of the consent order. Footnote 3 to Paragraph 8 alleges that the Bureau's Consent order in *In re Encore Capital Grp., Inc. et al.*, Admin Proc. No. 2015-CFPB-0022 (Sept. 3, 2015) is attached as Exhibit B. Defendant denies that the document attached as Exhibit B is that consent order.

9. Paragraph 9 characterizes the content of the Bureau's consent order against Encore Capital Group and related entities. Defendant avers that the consent order is itself the best evidence of its content and respectfully refers the Court to that consent order for a complete and accurate statement of its content. Defendant denies the allegations in Paragraph 9 to the extent that they differ from the content of the consent order.

10. Paragraph 10 alleges facts regarding the status of Plaintiff's litigation in *Agoado*. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations; accordingly the allegations are denied.

11.     Paragraph 11 alleges facts regarding how records that Plaintiff believes are in the Bureau's possession could help Plaintiff succeed in various motions in *Agoado*. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations; accordingly the allegations are denied.

## OVERVIEW OF THIS FOIA ACTION

12.     Defendant admits the allegation in Paragraph 12 that it received a FOIA request from Plaintiff seeking records that pertain to findings in the Bureau's *Encore* consent order. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that relevant findings in the *Encore* consent order mirror allegations made by Plaintiff's clients in *Agoado*; accordingly the allegation is denied.

13.     Defendant admits the first sentence of Paragraph 13 to the extent that it alleges that Defendant denied Plaintiff's FOIA request and denied its appeal of that denial. The second sentence of Paragraph 13 sets forth legal conclusions, to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegations.

14.     Paragraph 14 contains conclusions of law, to which no response is required. To the extent that a response is deemed to be required, Defendant admits that Plaintiff has exhausted its administrative remedies under FOIA and has filed a complaint.

## STATEMENT OF FACTS[2]

15.     Defendant admits the allegation in Paragraph 15 that it received a FOIA request from Plaintiff dated September 11, 2015, seeking "copies of the documents in the Bureau's possession that the Bureau relied upon in identifying the[] approximately 35,600 lawsuits" in

---

[2] Where Defendant has included the headings provided in the Complaint it has done so merely for ease of reference. Inclusion of those headings does not indicate any admission that the headings are accurate.

which consumers paid on a debt after an affidavit with a representation that the Debt could be assumed valid because the Consumer failed to dispute under the FDCPA was submitted in court.

16. Defendant admits that it denied Plaintiff's FOIA request. The second half of the sentence in Paragraph 16 alleges facts regarding the content of Defendant's letter denying Plaintiff's FOIA request. Defendant avers that the letter denying the request is the best evidence of its content and respectfully refers the Court to the letter for a full, fair and accurate statement of its content. Defendant denies the allegations in Paragraph 16 to the extent that they differ from the content of the letter.

17. Paragraph 17 consists of Plaintiff's characterization of the content of Defendant's letter denying Plaintiff's FOIA request. Defendant avers that the letter denying the request is the best evidence of its content and respectfully refers the Court to the letter for a full, fair and accurate statement of its content. Defendant denies the allegations in Paragraph 17 to the extent that they differ from the content of the letter.

18. Defendant admits the allegation in the first sentence of Paragraph 18. The second sentence of Paragraph 18 consists of Plaintiff's characterization of the content of Plaintiff's appeal letter. Defendant avers that the appeal letter is the best evidence of its content and respectfully refers the Court to the letter for a full, fair and accurate statement of its content. Defendant denies the allegations in Paragraph 18 to the extent that they differ from the content of the letter.

19. Defendant denies the allegation in Paragraph 19.

20. Paragraph 20 sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegation.

21.     Paragraph 21 alleges facts regarding the content of Plaintiff's letter appealing the denial of its FOIA request. Defendant avers that the appeal letter is the best evidence of its content and respectfully refers the Court to the letter for a complete and accurate statement of its content. Defendant denies the allegations in Paragraph 21 to the extent that they differ from the content of the appeal letter.

22.     Defendant admits the allegation in the first sentence of Paragraph 22. The second sentence of Paragraph 22 characterizes Defendant's letter denying Plaintiff's appeal. Defendant avers that the letter is the best evidence of its content and respectfully refers the Court to the letter for a complete and accurate statement of its content. Defendant denies the allegations in Paragraph 22 to the extent that they differ from the content of the letter.

23.     Paragraph 23 alleges facts regarding the content of Defendant's letter denying Plaintiff's appeal. Defendant avers that the letter is the best evidence of its content and respectfully refers the Court to the letter for a full, fair and accurate statement of its content. Defendant denies the allegations in Paragraph 23 to the extent that they differ from the content of the letter.

24.     Defendant admits that Plaintiff sent Defendant a letter requesting that it re-open the appeal. Defendant avers that the letter is the best evidence of its content and respectfully refers the Court to the letter for a full, fair and accurate statement of its content. Defendant denies the allegations in Paragraph 24 to the extent that they differ from the content of the letter.

25.     Paragraph 25 alleges facts regarding the content of Plaintiff's letter requesting that Defendant re-open the appeal. Defendant avers that the letter is the best evidence of its content and respectfully refers the Court to the letter for a full, fair and accurate statement of its

content. Defendant denies the allegations in Paragraph 25 to the extent that they differ from the content of the letter.

26.  Paragraph 26 sets forth a legal characterization of Exemption 7(E) of FOIA, to which no response is required. To the extent that a response is deemed to be required, Defendant avers that the statutory provision is itself the best evidence of its content and respectfully refers the Court to that provision for a full, fair and accurate statement of its content. Defendant denies the allegations in Paragraph 26 to the extent that they differ from the content of the relevant statutory provision.

27.  The first clause of Paragraph 27 contains a legal conclusion, to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegation that Exemption 7(E) does not apply to the records at issue. The remainder of Paragraph 27 sets forth Plaintiff's speculation about how the Bureau reached the conclusions it made in the consent order against Encore. Defendant denies that allegation. Footnote 9 to Paragraph 27 alleges facts regarding the content of the Bureau's consent order against Encore. Defendant avers that the consent order is itself the best evidence of its content and respectfully refers the Court to that consent order for a full, fair and accurate statement of its content. Defendant denies the allegations in footnote 9 to Paragraph 27 to the extent that they differ from the content of the consent order.

28.  Paragraph 28 alleges facts regarding the content of Defendant's letter denying Plaintiff's appeal. Defendant avers that the letter is the best evidence of its content and respectfully refers the Court to the letter for a full, fair and accurate statement of its content. Defendant denies the allegations in Paragraph 28 to the extent that they differ from the content of the letter.

29. Paragraph 29 alleges facts regarding the content of Plaintiff's letter requesting that Defendant re-open the appeal. Defendant avers that the letter is the best evidence of its content and respectfully refers the Court to the letter for a full, fair and accurate statement of its content. Defendant denies the allegations in Paragraph 29 to the extent that they differ from the content of the letter.

30. Defendant admits the allegation in Paragraph 30.

31. Defendant admits the allegation in Paragraph 31.

32. Paragraph 32 alleges facts regarding the content of a letter from OGIS to Plaintiff. Defendant avers that the letter is the best evidence of its content and respectfully refers the Court to the letter for a full, fair and accurate statement of its content. Defendant denies the allegations in Paragraph 32 to the extent that they differ from the content of the letter.

33. Paragraph 33 sets forth a conclusion of law, to which no response is required. To the extent that a response is deemed to be required, Defendant admits that Plaintiff has exhausted its administrative remedies under FOIA as to at least some of the documents it has sought.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

34. Defendant repeats and incorporates by reference its responses to paragraphs 1 through 33.

35. Defendant admits the allegation in Paragraph 35 that it is an agency subject to the requirements of FOIA. The allegation in Paragraph 35 that Defendant is unlawfully withholding records requested by Plaintiff pursuant to FOIA is a legal conclusion, to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegation.

36. Paragraph 36 sets forth legal conclusions, to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegations.

37. Paragraph 37 sets forth legal conclusions, to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegations.

38. Paragraph 38 sets forth legal conclusions, to which no response is required. To the extent that a response is deemed to be required, Defendant admits that Plaintiff has exhausted its administrative remedies under FOIA and denies the remaining allegations in Paragraph 38.

39. Paragraph 39 sets forth conclusions of law, to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations that Plaintiff is being and will continue to be irreparably harmed. As to the allegation that lack of access to records hinders Plaintiff's ability to represent the *Agoado* plaintiffs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation; accordingly the allegation is denied.

## REQUEST FOR RELIEF

The remainder of Plaintiff's Complaint, set forth in Paragraphs A to F, consists of Plaintiff's requests for relief, to which no response is required. To the extent that a response is deemed to be required, Defendant denies that Plaintiff is entitled to the relief requested, or to any other relief, including attorney's fees.

Defendant admits that the documents referenced in footnotes 4 through 8 and 10 (attached as Exhibits C through H to the Complaint) are what they purport to be.

Defendant expressly denies all of the allegations in the Complaint that are not specifically admitted or otherwise qualified in this Answer.

WHEREFORE, having fully answered, Defendant respectfully prays that Plaintiff's complaint be dismissed with prejudice and judgment be entered in Defendant's favor and that the Court enter such other and further relief for Defendant as is appropriate.

        Respectfully submitted,

        CHANNING D. PHILLIPS, DC Bar #415793
        United States Attorney

        DANIEL F. VAN HORN, DC Bar #924092
        Chief, Civil Division

By:                                 /s/
        W. MARK NEBEKER, DC Bar #396739
        Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Answer has been made through the Court's electronic transmission facilities on this 16th day of May, 2016.

                                                /s/
W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 252-2536