# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANK LLP | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 1:16-cv-00670-CRC |
| | ) | |
| v. | ) | |
| | ) | |
| CONSUMER FINANCIAL | ) | |
| PROTECTION BUREAU | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## SUPPLEMENTAL COMPLAINT

Plaintiff Frank LLP submits this Supplemental Complaint against Defendant Consumer Financial Protection Bureau ("CFPB"), pursuant to Federal Rule of Civil Procedure 15(d), to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. ("APA"). Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Frank LLP is a law firm that is registered as a limited liability partnership under the laws of the State of New York and whose address is 275 Madison Avenue, Suite 705, New York, N.Y. 10016. Plaintiff's law practice focuses on plaintiffs' litigation, particularly,

representing consumers who have been economically harmed by large corporations' unlawful actions.

4. Defendant CFPB is an agency of the United States Government, and is thus an "agency" for the purposes of 5 U.S.C. § 552(f)(1). The CFPB is headquartered at 1700 G Street, N.W., Washington, D.C. 20552. The CFPB has possession, custody, and control of records to which Plaintiff seeks access.

## BACKGROUND

5. Like the Complaint that initiated this action ("Initial Complaint"),[1] this Supplemental Complaint stems from the CFPB's failure to comply with its obligations under FOIA to provide Plaintiff with public records concerning the CFPB's administrative action against one of the nation's largest debt buying operations.

6. While the CFPB deserves praise for its efforts in holding debt buyers accountable for systematically victimizing consumers, its continual refusal to disclose public records reflecting those efforts violates FOIA, and cannot be condoned.

7. Plaintiff serves as plaintiffs' counsel in an ongoing civil action brought on behalf of a proposed class of New York State consumers against, among others, Midland Funding, LLC and Midland Credit Management, Inc. (collectively, "Midland Entities"), for wrongful debt-collection practices. *Agoado et al. v. Midland Funding, LLC et al.*, No. 2:14-cv-00018-JMA-

---

[1] ECF No. 1, attached as Exhibit A to the Declaration of Gregory A. Frank ("Frank Decl.") in Support of Plaintiff's Motion for Leave to File a Supplemental Complaint. To the extent that facts, allegations, and claims set forth in the Initial Complaint are not expressly set forth herein, they are incorporated by reference as if fully set forth herein.

AKT (E.D.N.Y.).[2] The Midland Entities are operating subsidiaries of Encore Capital Group, Inc. ("Encore"), one of the nation's largest debt buyers.

8. Among the allegations in *Agoado* is that the defendants in that action—the Midland Entities, along with the outside law firms that have represented them in debt-collection lawsuits against New York residents—prosecuted state-court debt-collection lawsuits against consumers in bad faith, filing materially deceptive affidavits to secure judgments to which they were not entitled due to lack of sufficient proof of indebtedness, thereby violating (among other laws) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.[3]

9. Specifically, the *Agoado* plaintiffs allege that the Midland Entities created and submitted affidavits in support of default judgment motions that deceptively represented that alleged debts were deemed legally valid under the FDCPA because the consumers had failed to dispute that they were valid after receiving a debt-collection notice from the Midland Entities. The affidavits effectuated this deception by misquoting a particular section of the FDCPA—Section 809, 15 U.S.C. § 1692g—which actually states that a consumer's failure to dispute in response to the debt collector's notice will cause the alleged debt to be "assumed to be valid <u>by the debt collector</u>" only (emphasis added).

10. This section of the FDCPA also clearly states that a consumer's failure to dispute "may not be construed by any court as an admission of liability by the consumer." 15 U.S.C. § 1692g(c).[4]

---

[2] Until March 1, 2016, the caption was *Italiano et al. v. Midland Funding, LLC et al*.

[3] *See* Second Am. Class Action Compl. ¶¶ 1–11, 35–89, 96–103, *Agoado*, No. 2:14-cv-00018-JMA-AKT (E.D.N.Y. Aug. 19, 2014), ECF No. 45 ("*Agoado* Complaint"), attached as Exhibit B to the Frank Decl.

[4] *See also Agoado* Complaint ¶¶ 8, 50–52.

11. On September 9, 2015, the CFPB entered a consent order in which the CFPB set forth its investigative findings concerning Encore and its subsidiaries' (including the Midland Entities') FDCPA violations through their debt-collection activities from at least July 2011 onward. *See* Consent Order, *In re Encore Capital Grp., Inc. et al.*, Admin. Proc. No. 2015-CFPB-0022 (Sept. 3, 2015) ("Consent Order").[5]

12. Much of the Consent Order mirrored the *Agoado* plaintiffs' longstanding allegations concerning the Midland Entities' litigation-based collection tactics and practices, namely: (1) initiating and prosecuting collection lawsuits without possession or review of account-level documentation corroborating indebtedness; (2) procuring default judgments in these actions despite the evidentiary baselessness of the claims stated therein; and (3) submitting affidavits with materially deceptive language in order to hoodwink courts and consumers into accepting the propriety of these judgments.[6]

13. Notably, the Consent Order, like the *Agoado* Complaint before it, emphasizes the Midland Entities' practice of misquoting the "assumed valid" language of Section 809 of the FDCPA within affidavits filed in furtherance of the goal of procuring unlawful judgments against consumers.[7]

14. Plaintiff initiated this action after the CFPB violated FOIA by refusing Plaintiff access to CFPB public records pertaining to the CFPB's investigative findings against the Midland Entities.

---

[5] The Consent Order is attached as Exhibit C to the Frank Decl.

[6] *Compare Agoado* Complaint ¶¶ 1–11, 35–89, 96–103, *with* Consent Order ¶¶ 45–64, 109–111, 145–146.

[7] *Compare Agoado* Complaint ¶¶ 50–52, 96–103, *with* Consent Order ¶¶ 54–57, 109–111, 145–146.

15. While attempting to resolve this action through mediation, Plaintiff filed with the CFPB a FOIA request supplementing the original underlying FOIA request concerning documents related to findings in the Consent Order. The CFPB once again violated FOIA by refusing Plaintiff access to public records responsive to the supplemental FOIA request. Plaintiff now files this Supplemental Complaint.

16. As of the date of this pleading, the litigation in *Agoado* is at a critical stage, with the Midland Entities and their co-defendants having moved for summary judgment as to the named plaintiffs' individual claims. Plaintiff must file oppositions to those motions on behalf of the *Agoado* plaintiffs by December 9, 2016.

17. Records in the CFPB's possession that pertain to the CFPB's findings against Encore and its subsidiaries constitute evidence that would greatly increase the *Agoado* plaintiffs' chances of success in defending against the opposing parties' motions for summary judgment.

18. Further, Plaintiff is now plaintiffs' counsel in a putative class action against the Midland Entities that involves claims similar to those in *Agoado*, but on behalf of consumers nationwide. *See* Am. Class Action Compl., *Mason et al. v. Midland Funding, LLC et al.*, No. 1:16-cv-02867-CC-RGV (N.D. Ga. Sept. 7, 2016), ECF No. 13.

## STATEMENT OF FACTS

**Plaintiff's Original FOIA Request**

19. On September 11, 2015—two days after the CFPB made public the Consent Order—Plaintiff submitted a FOIA request ("Original Request") to the CFPB, seeking access to records pertaining to Paragraph 145 of the Consent Order, which sets forth information

concerning the scope of Encore subsidiaries' practice of filing affidavits that misquote Section 809 of the FDCPA during state-court collection lawsuits.[8]

20. The CFPB denied Plaintiff's Original Request, invoking 5 U.S.C. § 552(b)(4) ("Exemption 4").[9]

21. This denial letter paraphrased the statutory language comprising Exemption 4, and provided a generalized overview of how courts tend to interpret it, but did not provide the required detailed justification identifying why Exemption 4 is relevant and correlating those reasons with the particular parts of the withheld documents to which they apply.

22. Plaintiff appealed the CFPB's denial of the Original Request. Plaintiff's letter of appeal explained why the requested information could not possibly be "commercial" or "confidential" for purposes of Exemption 4.[10]

23. Plaintiff's letter of appeal also called attention to the fact that, even assuming that Exemption 4 applied to certain of the records responsive to Plaintiff's request (or to portions thereof), the CFPB had neglected its obligation under 5 U.S.C. § 552(b) to identify and segregate the exemptible information, and produce the information to which Exemption 4 does not apply.

24. In a letter dated December 1, 2015 and signed by CFPB Assistant General Counsel John R. Coleman, the CFPB denied Plaintiff's appeal of the denial of the Original Request.[11] Mr. Coleman's letter abandoned the CFPB's reliance on Exemption 4, instead

---

[8] Plaintiff's Original Request is attached as Exhibit D to the Frank Decl.

[9] The CFPB's letter denying the Original Request, dated September 30, 2015, is attached as Exhibit E to the Frank Decl.

[10] This letter of appeal, dated October 30, 2015, is attached as Exhibit F to the Frank Decl.

[11] The CFPB's appeal-denial letter as to the Original Request is attached as Exhibit G to the Frank Decl.

choosing to withhold all responsive documents pursuant to 5 U.S.C. § 552(b)(7) ("Exemption 7"). Mr. Coleman identified 5 U.S.C. § 552(b)(7)(E) ("Exemption 7(E)") as the sub-exemption of Exemption 7 that was "[m]ost relevant[]" to the CFPB's appellate determination.

25. In a letter dated December 17, 2015, Plaintiff requested that the CFPB re-open the appeal so that Plaintiff could address the applicability of Exemption 7(E) to the information at issue.[12] Plaintiff's December 17 letter requesting re-opening explained in detail why neither Exemption 7(E) nor any other sub-exemption of Exemption 7 applies to the records responsive to Plaintiff's FOIA request.

26. Plaintiff's December 17 letter also noted that the CFPB had neglected its duty under 5 U.S.C. § 552(b) to identify the responsive records (or portions thereof) to which no sub-exemption of Exemption 7 theoretically could apply, and disclose them to Plaintiff.

27. The CFPB never responded to Plaintiff's December 17 letter.

28. On January 12, 2016, Plaintiff contacted the Office of Government Information Services ("OGIS") requesting assistance in reaching a non-litigation resolution to Plaintiff's FOIA dispute with the CFPB.

29. In a letter dated February 10, 2016, OGIS informed Plaintiff that the CFPB declined to participate in mediation through OGIS.[13]

**Procedural History Of This Action**

30. Plaintiff, having exhausted its administrative remedies with regard to the Original Request, commenced this action.

---

[12] Plaintiff's December 17, 2015 letter requesting re-opening is attached as Exhibit H to the Frank Decl.

[13] OGIS's letter to Plaintiff is attached as Exhibit I to the Frank Decl.

31.     This Court stayed this action, and referred it to the Circuit Mediation Program, through its Minute Order of June 1, 2016.

32.     This Court subsequently stayed this action on three further occasions, as the parties attempted to resolve their dispute through mediation.  (ECF No. 9; Minute Ord., July 19, 2016; ECF No. 10; Minute Ord., Aug. 19, 2016; ECF No. 11, Minute Ord., Sept. 9, 2016).

33.     The final stay concluded with no resolution having been reached.  (ECF No. 12; Minute Ord., Sept. 23, 2016).

### Plaintiff's Supplemental FOIA Request

34.     Several weeks into the mediation period, Plaintiff determined that it was necessary to file a FOIA request supplementing its Original Request ("Supplemental Request").

35.     On July 25, 2016, Plaintiff submitted to the CFPB the Supplemental Request, which sought access to two categories of records pertaining to the Consent Order: (1) records reflecting the CFPB's findings of fact regarding the litigation-based debt-collection practices utilized by Encore's subsidiaries, *see* Consent Order ¶¶ 45–64; and (2) records concerning Encore's and its subsidiaries' compliance with, and redress to consumers pursuant to, the terms of the Consent Order, *see* Consent Order ¶¶ 136–139, 143, 145, 148–159.[14]

36.     The CFPB denied the Supplemental Request in a letter dated August 10, 2016.  In doing so, the CFPB invoked not only Exemption 4 and Exemption 7(E), but also the FOIA exemption codified at 5 U.S.C. § 552(b)(8) ("Exemption 8").[15]

37.     This August 10 denial letter paraphrased the statutory language comprising Exemptions 4, 7(E), and 8, and provided a generalized overview of how courts tend to interpret

---

[14]  The Supplemental Request is attached as Exhibit J to the Frank Decl.

[15]  The August 10 denial letter is attached as Exhibit K to the Frank Decl.

these exemptions, but did not provide the required detailed justification identifying why any of these exemptions is relevant and correlating those reasons with the particular parts of the withheld documents to which they apply.

38. Plaintiff appealed the denial as to the Supplemental Request in a letter dated August 18, 2016. Plaintiff's August 18 appeal letter explained why neither Exemption 4, nor Exemption 7(E), nor Exemption 8 applied to the records and information responsive to the Supplemental Request.[16]

39. In an appellate determination letter dated September 19, 2016 and signed by CFPB Assistant General Counsel John R. Coleman, the CFPB informed Plaintiff that records and information responsive to the Supplemental Request were subject to withholding pursuant to Exemptions 4, 7(E), and 8.[17]

40. Although this appellate determination remanded the Supplemental Request to the CFPB's FOIA Office on the stated basis that the administrative record did not reflect an appropriate segregability analysis,[18] the September 19 letter ratified the FOIA Office's invocation of Exemptions 4, 7(E), and 8.

---

[16] The August 18 appeal letter is attached as Exhibit L to the Frank Decl.

[17] The CFPB's appellate determination letter as to the Supplemental Request is attached as Exhibit M to the Frank Decl.

[18] In a letter dated October 13, 2016, the CFPB's FOIA Office notified Plaintiff that the CFPB was invoking a 10-day extension, under 5 U.S.C. § 552(a)(6)(B), as to the mandated segregability review. This October 13 letter is attached as Exhibit N to the Frank Decl.

41.     Contrary to the CFPB's assertions, none of these exemptions permits the CFPB to withhold, in full or in part, the records and information responsive to the Supplemental Request.[19]

42.     Notably, in the September 19 letter Mr. Coleman stated that the CFPB may rely upon an unusually broad definition of the term "financial institutions" in using Exemption 8 to withhold records concerning the CFPB's regulation of debt buyers that are "larger participants" in the debt buying market. Mr. Coleman's use of the phrase "larger participants" was a reference to the CFPB's authority to regulate nonbanks whose annual receipts from consumer debt collections exceed $10 million, *see* 12 U.S.C. § 5514; 12 C.F.R. § 1090.105.

43.     Upon information and belief, the CFPB currently has in place an official policy, mandatory upon CFPB officials, to invoke Exemption 8 in response to FOIA requests concerning the CFPB's regulatory oversight of debt buyers with at least $10 million in annual receipts from consumer debt collections ("CFPB's Exemption 8 Policy").

44.     However, Congress has granted <u>only</u> the Securities and Exchange Commission the authority to rely on an unusually broad definition of "financial institutions" for the purposes of Exemption 8 withholding.[20]  Neither 12 U.S.C. § 5514 nor 12 C.F.R. § 1090.105 references FOIA in any way, let alone authorizes the CFPB's Exemption 8 Policy.

---

[19]  Regardless of whether the CFPB's FOIA Office does subsequently release some portions of the records and information responsive to the Supplemental Request after performing the segregability review mandated by Mr. Coleman's September 19 appellate determination letter, the CFPB has violated FOIA by improperly invoking Exemptions 4, 7(E), and 8 so as to deny Plaintiff of its right to access all such records and information.

[20]  *See Pub. Investors Arbitration Bar Ass'n v. Sec. & Exch. Comm'n*, 771 F.3d 1, 7 (D.C. Cir. 2014) ("[W]e think it important to emphasize that our broad reading of Exemption 8 extends no further than the walls of the Securities and Exchange Commission" and does not extend to, "say, the Consumer Financial Protection Bureau . . . .").

45. Further, in discussing Exemption 4, Mr. Coleman revealed in the September 19 letter that "[r]esponsive information was provided [by Encore and its subsidiaries] in response to civil investigative demands (CIDs) from the [CFPB]."[21] However, Mr. Coleman went on to incorrectly characterize such information as having been "voluntarily submitted" to the CFPB, and thus subject to a withholding standard that favors applicability of Exemption 4.

46. This characterization was incorrect because the CFPB's own regulations make clear that information submitted to the CFPB by a regulated entity in response to a CID is, by definition, <u>involuntarily</u> submitted.[22]

47. Upon information and belief, the CFPB currently has in place an official policy, mandatory upon CFPB officials, to treat records and information produced by regulated entities pursuant to CFPB CIDs as having been "voluntarily submitted" for the purposes of Exemption 4 withholding ("CFPB's Exemption 4/CID Policy").

**Exhaustion Of Administrative Remedies**

48. The September 19 letter apprised Plaintiff of its right to seek judicial review in this District as to the CFPB's invocations of Exemptions 4, 7(E), and 8, in response to the Supplemental Request.

49. Plaintiff, having exhausted its administrative remedies as to the Supplemental Request, now files this Supplemental Complaint.

---

[21] The CFPB's December 1, 2015 appeal-denial letter as to the Original Request did not disclose the CFPB's use of CIDs against Encore and its subsidiaries.

[22] *See* 12 C.F.R. § 1070.2(e).

## COUNT I
## (Violation of FOIA, 5 U.S.C. § 552)
## (Withholding Of Records)

50. Plaintiff repeats, realleges, and reincorporates all paragraphs above as though fully set forth herein.

51. The CFPB, an agency subject to FOIA pursuant to 5 U.S.C. § 552(f)(1), is unlawfully withholding records requested by Plaintiff pursuant to FOIA.

52. The CFPB has asserted no lawful or factual basis for withholding any portion of any records responsive to the Supplemental Request.

53. Plaintiff has exhausted all administrative remedies with regard to the CFPB's unlawful withholding of records responsive to Plaintiff's Supplemental Request.

54. Plaintiff is being irreparably harmed by reason of the CFPB's unlawful withholding of records responsive to Plaintiff's Supplemental Request, and will continue to be irreparably harmed unless the CFPB is compelled to comply with its obligations under FOIA. Among other harms, lack of access to these records hinders Plaintiff's ability to represent the *Agoado* plaintiffs.

## COUNT II
## (Violation of FOIA, 5 U.S.C. § 552)
## (CFPB's Exemption 8 Policy)

55. Plaintiff repeats, realleges, and reincorporates all paragraphs above as though fully set forth herein.

56. Upon information and belief, the CFPB's Exemption 8 Policy is an official policy, mandatory upon CFPB officials, to invoke Exemption 8 in response to FOIA requests concerning the CFPB's regulatory oversight of debt buyers with at least $10 million in annual receipts from consumer debt collections.

57. The CFPB's Exemption 8 Policy guarantees that violations of FOIA will occur in the future, irrespective of the outcome here as to Plaintiff's Supplemental Request.

58. Plaintiff, as a frequent FOIA requester, stands to continue to be harmed by the CFPB's Exemption 8 Policy in the future.

59. This Court enjoys extensive equitable authority under FOIA to remedy an agency's use of unlawful policies that, like the CFPB's Exemption 8 Policy, undermine FOIA's fundamental public policy goals.

60. Plaintiff therefore is entitled to (1) a declaratory order that the CFPB's Exemption 8 Policy violates FOIA, and (2) an injunction compelling the CFPB to abandon this policy as to future FOIA requests.

### COUNT III
### (Violation of FOIA, 5 U.S.C. § 552)
### (CFPB's Exemption 4/CID Policy)

61. Plaintiff repeats, realleges, and reincorporates all paragraphs above as though fully set forth herein.

62. Upon information and belief, the CFPB's Exemption 4/CID Policy is an official policy, mandatory upon CFPB officials, to treat records and information produced by regulated entities pursuant to CFPB CIDs as having been "voluntarily submitted" for the purposes of Exemption 4 withholding.

63. The CFPB's Exemption 4/CID Policy guarantees that violations of FOIA will occur in the future, irrespective of the outcome here as to Plaintiff's Supplemental Request.

64. Plaintiff, as a frequent FOIA requester, stands to continue to be harmed by the CFPB's Exemption 4/CID Policy in the future.

65. This Court enjoys extensive equitable authority under FOIA to remedy an agency's use of unlawful policies that, like the CFPB's Exemption 4/CID Policy, undermine FOIA's fundamental public policy goals.

66. Plaintiff therefore is entitled to (1) a declaratory order that the CFPB's Exemption 4/CID Policy violates FOIA, and (2) an injunction compelling the CFPB to abandon this policy as to future FOIA requests.

## COUNT IV
## (Violation of APA, 5 U.S.C. § 701 et seq.)
## (CFPB's Exemption 8 Policy)

67. Plaintiff repeats, realleges, and reincorporates all paragraphs above as though fully set forth herein.

68. The CFPB's Exemption 8 Policy is (among other failings) arbitrary, capricious, abusive of the CFPB's discretion, not in accordance with law, and in excess of statutory jurisdiction, and is therefore in violation of the APA, *see* 5 U.S.C. § 706(2).

69. Plaintiff, as a frequent FOIA requester, stands to continue to be harmed by the CFPB's Exemption 8 Policy in the future.

70. This Court enjoys authority under the APA to remedy an agency's use of such an unlawful policy, *see* 5 U.S.C. §§ 702, 704, 706(2).

71. Plaintiff therefore is entitled to (1) a declaratory order that the CFPB's Exemption 8 Policy violates FOIA, and (2) an injunction pursuant to the APA compelling the CFPB to abandon this policy as to future FOIA requests.

## COUNT V
### (Violation of APA, 5 U.S.C. § 701 et seq.)
### (CFPB's Exemption 4/CID Policy)

72. Plaintiff repeats, realleges, and reincorporates all paragraphs above as though fully set forth herein.

73. The CFPB's Exemption 4/CID Policy is (among other failings) arbitrary, capricious, abusive of the CFPB's discretion, not in accordance with law, and in excess of statutory jurisdiction, and is therefore in violation of the APA, *see* 5 U.S.C. § 706(2).

74. Plaintiff, as a frequent FOIA requester, stands to continue to be harmed by the CFPB's Exemption 4/CID Policy in the future.

75. This Court enjoys authority under the APA to remedy an agency's use of such an unlawful policy, *see* 5 U.S.C. §§ 702, 704, 706(2).

76. Plaintiff therefore is entitled to (1) a declaratory order that the CFPB's Exemption 4/CID Policy violates FOIA, and (2) an injunction pursuant to the APA compelling the CFPB to abandon this policy as to future FOIA requests.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Expedite this proceeding as provided for in 28 U.S.C. § 1657;

b. Declare that all records responsive to Plaintiff's Supplemental Request must be disclosed by the CFPB pursuant to 5 U.S.C. § 552, or, in the alternative, conduct an in camera segregability review of these records and order disclosed any non-exempt records (or portions of records);

c. Enjoin the CFPB from continuing to withhold any and all non-exempt records (or portions of records) responsive to Plaintiff's Supplemental Request;

  d.  Order the CFPB to produce a "*Vaughn* index"[23] of any and all records responsive to Plaintiff's Supplemental Request that have not been immediately disclosed by the CFPB;

  e.  Declare that the CFPB's Exemption 8 Policy violates FOIA and/or the APA;

  f.  Issue an injunction compelling the CFPB to abandon the CFPB's Exemption 8 Policy as to future FOIA requests;

  g.  Declare that the CFPB's Exemption 4/CID Policy violates FOIA and/or the APA;

  h.  Issue an injunction compelling the CFPB to abandon the CFPB's Exemption 4/CID Policy as to future FOIA requests;

  i.  Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412, or any other applicable law; and

  j.  Grant Plaintiff such other and further relief as this Court might deem just and proper.


Dated: October 21, 2016              Respectfully submitted,

                        /s/ *Gregory A. Frank*
                        Gregory A. Frank
                        (D.C. Bar No. NY0216)
                        FRANK LLP
                        275 Madison Avenue
                        Suite 705
                        New York, NY  10016
                        (212) 682.1853
                        gfrank@frankllp.com

                        *Counsel for Plaintiff*

---

[23] *See Vaughn v. Rosen*, 484 F.2d 820, 827–28 (D.C. Cir. 1973).